**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ANGEL CASTELLANOS-AMAYA, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02881-SHL-tmp |
| CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office, | ) | |
| Respondent. | ) | |

**ORDER GRANTING PETITION**

On July 17, 2026, Petitioner Angel Castellanos-Amaya filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges his continued detention without a bond hearing. (Id. at PageID 2–3.) Respondent responded on July 24. (ECF No. 7.) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (Id. at PageID 29.) Castellanos-Amaya replied on July 25. (ECF No. 8.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Castellanos-Amaya states that he entered the United States in 2022 as a fifteen-year-old. (ECF No. 1 at PageID 9.) "In 2024, his petition for a Special Immigrant Juvenile visa was granted, along with deferred action through July 2028." (Id.) Nevertheless, on July 16, 2026, during a routine immigration check-in, he was arrested by ICE. (Id.) He seeks immediate release or a bond hearing. (Id. at PageID 13.)

### ANALYSIS

Respondent concedes that <u>Lopez-Campos</u> governs this matter.  (ECF No. 7 at PageID 29.)  That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not 'seeking admission.'"  <u>Lopez-Campos</u>, 175 F.4th at 732.  Nevertheless, Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief.  (ECF No. 7 at PageID 30.)  Specifically, according to Respondent, "Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court."  (<u>Id.</u> at PageID 29.)

However, as the Court has ruled in recent immigration habeas petitions, <u>e.g.</u>, <u>Lopez Soza v. U.S. Dep't of Homeland Sec.</u>, No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief.  <u>McCarthy v. Madigan</u>, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); <u>Matter of Yajure Hurtado</u>, 29 I. & N. Dec. 216, 225 (BIA 2025) (holding that an immigration judge "lack[s] authority to hear bond requests or to grant bond to aliens who are present in the United States without admission").

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." <u>Lopez-Campos</u>, 175 F.4th at 734.  ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside.  Thus, Petitioner is entitled to immediate release.  <u>See</u> <u>Villafranca Lara v. Ladwig</u>, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a

bond hearing under § 1226(a).").

Therefore, consistent with <u>Lopez-Campos</u> and this Court's decision in <u>Villafranca Lara</u>, and after consideration of the record, the Petition is **GRANTED**.

<u>**CONCLUSION**</u>

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). Respondent is further **ORDERED** to file a Status Report with this Court within **three business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 27th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3